UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY KAY BECKMAN,              )<br>                         Plaintiff(s),    )<br>                                                )<br>vs.                                            )<br>                                                )<br>MATCH.COM, LLC,                    )<br>                                                )<br>                         Defendant(s).   )<br>_____) | Case No. 2:13-cv-00097-JCM-NJK<br><br>ORDER<br><br>(Docket No. 39) |

Pending before the Court is a motion to stay discovery pending resolution of Defendants' motion to dismiss or for summary judgment. Docket No. 39; *see also* Docket No. 34 (motion to dismiss or for summary judgment). Plaintiff has filed a response in opposition. Docket No. 40. Defendant filed a reply. Docket No. 41. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay is hereby **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken

a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court finds these standards met in this case. Defendant's motion to dismiss or for summary judgment challenges the sole remaining claim alleged by Plaintiff, and is therefore potentially case-dispositive. Moreover, Plaintiff acknowledges that her claim can succeed only with a showing of a "special relationship," Docket No. 40 at 10, and Judge Mahan has already ruled in this case that no such relationship existed, Docket No. 18 at 13 (dismissing tort claims with prejudice on that basis). Accordingly, the Court **STAYS** discovery pending resolution of the motion to dismiss or for summary judgment. In the event the order resolving that motion does not result in the disposition of this case, the parties shall file within 14 days thereof a joint status report regarding whether discovery should proceed and, if so, a schedule for discovery.

IT IS SO ORDERED.

DATED: January 30, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*