1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                * * *

7    MARY KAY BECKMAN,                        Case No. 2:13-CV-97 JCM (NJK)

8                          Plaintiff(s),                  ORDER

9         v.

10   MATCH.COM, LLC,

11                         Defendant(s).

12

13        Presently before the court is defendant Match.com, LLC's ("Match") motion to dismiss

14   (ECF No. 34) plaintiff Mary Kay Beckman's ("Beckman") amended complaint (ECF No. 31).

15   Beckman filed a response (ECF No. 35)[1], to which Match replied (ECF No. 38).

16   **I.    Background**

17        This action arises out of the attack of Beckman by Wade Ridley[2] ("Ridley"), a man she

18   met using Match's service.  (ECF No. 1 at 3).  On September 26, 2010, Beckman and Ridley had

19   their first date, but less than ten days later, on October 3, 2010, Beckman ended the relationship.

20   (ECF No. 31 at 3).

21        Between October 4, 2010, and October 7, 2010, Ridley sent "numerous threatening and

22   harassing text messages to [Beckman], to which she did not respond."  (ECF No. 31 at 3).  Four

23

24   _____

25        [1]  Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for
26   each purpose.  The court cannot consider plaintiff's request for leave to amend her complaint
     unless it is filed separately, as a motion.

27        [2]  Beckman alleges that Wade Ridley had multiple profiles and often used an alias.  For the
28   purposes of this order, the court will address the person and his aliases as simply, "Ridley."

James C. Mahan
U.S. District Judge

1   months after Beckman ended the relationship, on January 21, 2011, Ridley viciously attacked her.

2   (ECF No. 31 at 4).

3       On January 18, 2013, Beckman filed a complaint in this court asserting five causes of action

4   against Match: (1) negligent misrepresentation; (2) deceptive trade practices pursuant to 15 U.S.C.

5   § 45(a)(1); (3) negligence (failure to warn); (4) negligence; and (5) negligent infliction of

6   emotional distress.  (ECF No. 1).

7       This court, in an order dated May 29, 2013, dismissed Beckman's complaint for, *inter alia*,

8   Match's immunity under the Communications Decency Act ("CDA").  (ECF No. 18).  Beckman

9   appealed that order, and in a memorandum dated September 1, 2016, the Ninth Circuit affirmed

10  this court's dismissal of all claims except one: negligence (failure to warn).  (ECF No. 24).

11      The Ninth Circuit reasoned that Beckman's failure to warn claim was not barred by the

12  CDA under *Doe No. 14 v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016).  Because the failure

13  to warn claim was not barred by the CDA, Beckman was afforded the opportunity to amend her

14  complaint, and now brings one claim for negligently failing to warn.  (ECF No. 31 at 5).  In her

15  amended complaint, Beckman added the following allegations:

16      24.   Upon information and belief, MATCH received complaints that
       subscriber(s) commonly known as Wade Ridley, Wade Williams or others,
17      harassed, threatened, and/or violently attacked other women utilizing MATCH's
       services.  Despite these complaints, MATCH allowed Wade Ridley's, Wade
18      Williams' and/or other profile names to remain active.

19      . . . .

20      34.   Defendant MATCH owed a duty of reasonable care to inform and warn
       Plaintiff that use of the Match.com website generally, and Wade Ridley (and
21      aliases) specifically, were likely dangerous and that Members including Wade
       Ridley (included aliases) had identified and attacked other women using Defendant
22      MATCH's service prior to January 21, 2011.

23  (ECF No. 31 at 4–5).

24      Beckman alleges that Match had a duty to warn her that use of its website generally, and

25  Ridley specifically, were dangerous.  (ECF No. 31 at 5).

26  **II.   Legal Standard**

27      A court may dismiss a complaint for "failure to state a claim upon which relief can be

28  granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

**James C. Mahan**
**U.S. District Judge**

- 2 -

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

James C. Mahan
U.S. District Judge

### III.   Discussion

To sustain a claim of negligence, Beckman must allege four elements: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages."  *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (citing *Turner v. Mandalay Sports Entm't*, 180 P.3d 1172, 1177 (Nev. 2008)).

Match maintains that Beckman failed to allege that a duty is owed.  (ECF No. 34).  Under Nevada law, no duty is owed to control the dangerous conduct of another or to warn others of the dangerous conduct, except where a special relationship exists and the harm is created by foreseeable conduct.  *Id.* (citing *Mangeris v. Gordon*, 580 P.2d 481, 483 (Nev. 1978); *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001)).  Because no duty exists without a special relationship, this court "must first determine whether such a relation exists."  *Lee*, 22 P.3d at 212.

#### A.   Special Relationship

Here, no such special relationship exists.  Nevada law recognizes a duty to aid others when there is a special relationship between the parties, such as innkeeper-guest, teacher-student, or employer-employee.  *Id.* at 212.  The existence of a special relationship is premised on the notion that "the ability of one of the parties to provide for his own protection has been limited in some way by his submission to the control of another."  *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 245 (Nev. 2011) (quoting *Scialabba v. Brandise Constr. Co.*, 921 P.2d 928, 930 (Nev. 1996)).  Such ability must be able to "meaningfully reduce the risk of the harm that actually occurred."  *Id.*  Without this degree of control, no special relationship exists.  *Id.*

Beckman maintains that Match "was in a special relationship with both Ridley and [Beckman]."  (ECF No. 35 at 13).  She continues by claiming that Match had "unique access to information" and "utilized that data to create 'matches' among its users."  (ECF No. 35 at 13).

Importantly, because a claim for negligence requires an element of duty, and the duty imposed under failure to warn requires a special relationship, Beckman must plead facts giving rise to the plausibility of such a special relationship.  Beckman has failed to plead any of these allegations in her amended complaint.  In fact, the amended complaint does not even offer a conclusory allegation that a special relationship existed.  It simply claims that "MATCH owed a

James C. Mahan
U.S. District Judge

- 4 -

duty of reasonable care to inform and warn . . . ."  (ECF No. 31 at 5).  As mere recitation of the elements is insufficient to substantiate a claim, the court finds that Beckman has not sufficiently pleaded the element of duty.

Even if Beckman had adequately asserted a special relationship, the factual allegations set forth in the amended complaint are insufficient to maintain that relationship under Nevada law.  Here, Beckman was merely a paying subscriber to Match.  (ECF No. 31 at 3).  Moreover, the allegations state that "[Beckman] paid the MATCH membership subscription fees[,] . . . set up an online profile[,]" and "was matched with a man she would come to know as [Ridley]."  (ECF No. 31 at 3).  The amended complaint is devoid of any allegation that Match looked at, analyzed, judged, or even paired Beckman and Ridley together.

But yet again, even if Beckman had alleged any of the foregoing, the claim would still fail because the brutal attack occurred offline several months after Beckman and Ridley had ended their dating relationship.  (ECF No. 31 at 4).  Clearly established Nevada law allows for the special relationship exception when "the ability of one of the parties to provide for his own protection has been limited in some way by his submission to the control of another." *Sparks*, 255 P.3d at 245 (quoting *Scialabba*, 921 P.2d at 930).  Beckman's ability to protect herself was not limited in any way by her submission to the control of another.

In fact, Beckman was allegedly aware of Ridley's dangerous nature prior to the attack.  (*See* ECF No. 31 at 3) ("Wade Ridley sent numerous threatening and harassing text messages to [Beckman], to which she did not respond.").  Based on the allegations in the amended complaint, Match was so far removed from any relationship between Beckman and Ridley at the time of the attack that no special relationship between Match and Beckman existed.

Only after a special relationship is established does the defendant have a duty to warn foreseeable victims of foreseeable harms.  *Lee*, 22. P.3d at 212.  As previously stated, no special relationship existed as between Match and Beckman.  For this reason, the court need not analyze whether Match had actual knowledge of Ridley's potentially dangerous nature, the foreseeability of Beckman as a victim, or the foreseeability of Beckman's harm.

James C. Mahan
U.S. District Judge

- 5 -

**B.      Ninth Circuit's Memorandum (ECF No. 24)**

This court previously dismissed Beckman's claim for negligence (failure to warn) on two grounds: (1) it was barred by the CDA, and (2) there was no special relationship between her and Match.  (ECF No. 18 at 14).  Because the claim was not barred by the CDA, and because Beckman "represented that if granted leave to amend, [she] could allege that Match had actual knowledge that Ridley had identified and attacked other women using Match's service prior to his attack on [her]," the Ninth Circuit held that Beckman "should have the opportunity to cure the deficiencies in her failure to warn claim, if possible."  (ECF No 24 at 4).  However, Beckman again failed to allege a special relationship and thus has not cured the deficiencies in her failure to warn claim.

The Ninth Circuit's memorandum states that "Nevada law provides that, when a defendant has actual knowledge of a specific harm, that defendant has a duty to warn known, foreseeable victims of known, foreseeable harms."  (ECF No. 24 at 3–4) (citing *Ducey v. United States*, 830 F.2d 1071, 1072 (9th Cir. 1987); *Elko Enters., Inc. v. Broyles*, 779 P.2d 961, 964 (Nev. 1989) (per curiam); *Mangeris*, 580 P.2d at 483).  While *Ducey* does hold this, it draws this test from *Mangeris*.  As established by the Nevada Supreme Court in *Mangeris*:

> Under the common law, as a general rule, one person owed no duty to control the dangerous conduct of another, not to warn those endangered by such conduct. However, the common law has carved out an exception to this rule in cases where the defendant bears some special relationship to the dangerous person or to the potential victim. ***In such circumstances***, the defendant is impressed with a duty to warn foreseeable victims of foreseeable harm.

580 P.2d at 483 (emphasis added) (citations omitted).  As such, the Ninth Circuit's test is correct, but only when a special relationship is presumed.  Here, such a relationship is not presumed, and, as shown above, does not exist.

**IV.      Conclusion**

The court finds that Beckman's amended complaint fails to sufficiently state a negligence claim under Nevada law.  The allegations contained in the amended complaint do not sufficiently establish a duty imposed on Match.  Nevada law requires the existence of a special relationship before a duty to warn is imposed.  Beckman has not sufficiently alleged the prerequisite special relationship.

James C. Mahan
U.S. District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Match's motion to dismiss (ECF No. 34) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Beckman's amended complaint (ECF No. 31) be, and the same hereby is, DISMISSED without prejudice.

DATED March 10, 2017.

_____
UNITED STATES DISTRICT JUDGE