UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARY KAY BECKMAN,<br><br>Plaintiff(s),<br><br>v.<br><br>MATCH.COM, LLC,<br><br>Defendant(s). | Case No. 2:13-CV-97 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff Mary Kay Beckman's ("Beckman") motion for reconsideration. (ECF No. 46). Defendant Match.com, LLC ("Match") filed a response (ECF No. 47), to which Beckman replied (ECF No. 49).

**I.      Facts**

This action arises out of the attack of Beckman by Wade Ridley[1] ("Ridley"), a man she met using Match's service. (ECF No. 1 at 3). On September 26, 2010, Beckman and Ridley had their first date, but less than ten days later, on October 3, 2010, Beckman ended the relationship. (ECF No. 31 at 3).

Between October 4, 2010, and October 7, 2010, Ridley sent "numerous threatening and harassing text messages to [Beckman], to which she did not respond." (ECF No. 31 at 3). Four months after Beckman ended the relationship, on January 21, 2011, Ridley viciously attacked her. (ECF No. 31 at 4).

---

[1] Beckman alleges that Wade Ridley had multiple profiles and often used an alias. For the purposes of this order, the court will address the person and his aliases as simply, "Ridley."

On January 18, 2013, Beckman filed a complaint in this court asserting five causes of action against Match: (1) negligent misrepresentation; (2) deceptive trade practices pursuant to 15 U.S.C. § 45(a)(1); (3) negligence (failure to warn); (4) negligence; and (5) negligent infliction of emotional distress. (ECF No. 1).

This court, in an order dated May 29, 2013, dismissed Beckman's complaint for, *inter alia*, Match's immunity under the Communications Decency Act ("CDA"). (ECF No. 18). Beckman appealed that order, and in a memorandum dated September 1, 2016, the Ninth Circuit affirmed this court's dismissal of all claims except one: negligence (failure to warn). (ECF No. 24).

The Ninth Circuit reasoned that Beckman's failure to warn claim was not barred by the CDA under *Doe No. 14 v. Internet Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016). Because the failure to warn claim was not barred by the CDA, Beckman was afforded the opportunity to amend her complaint, and now brings one claim for negligently failing to warn. (ECF No. 31 at 5). In her amended complaint, Beckman added the following allegations:

> 24. Upon information and belief, MATCH received complaints that subscriber(s) commonly known as Wade Ridley, Wade Williams or others, harassed, threatened, and/or violently attacked other women utilizing MATCH's services. Despite these complaints, MATCH allowed Wade Ridley's, Wade Williams' and/or other profile names to remain active.
>
> . . . .
>
> 34. Defendant MATCH owed a duty of reasonable care to inform and warn Plaintiff that use of the Match.com website generally, and Wade Ridley (and aliases) specifically, were likely dangerous and that Members including Wade Ridley (included aliases) had identified and attacked other women using Defendant MATCH's service prior to January 21, 2011.

(ECF No. 31 at 4–5).

Beckman alleged that Match had a duty to warn her that use of its website generally, and Ridley specifically, were dangerous. (ECF No. 31 at 5).

On March 10, 2017, the court granted Match's motion to dismiss (ECF No. 34) pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed plaintiff's amended complaint (ECF No. 31). (ECF No. 43). The case was closed on that same date, and judgment was entered on March 13, 2017. (ECF No. 44).

In the instant motion, Beckman moves for reconsideration of the court's March 10th order, or in the alternative, for relief pursuant to Federal Rule of Civil Procedure 60. (ECF No. 46).

**II. Discussion**

Beckman moves for reconsideration of the court's March 10th order, wherein the court dismissed Beckman's amended complaint for failure to state a claim upon which relief may be granted (ECF No. 43). (ECF No. 46). Beckman argues that she was not "required to amend to include a separate allegation that there existed a special relationship" and that such a special relationship did exist. (ECF No. 46).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

Here, Beckman has failed to show that reconsideration is appropriate. In particular, Beckman does not present any newly discovered evidence, any clear error/manifestly unjust circumstances, or an intervening change in controlling law. *See School Dist. No. 1J*, 5 F.3d at 1263.

Beckman again attempts to assert that her status as a paying subscriber to Match and Match's methods of operation sustain a special relationship under Nevada law. *See* (ECF No. 46 at 9). And again, just as discussed in this court's March 10th order (ECF No. 43), those allegations are insufficient.

Beckman failed to cure the same deficiencies that were present in her initial complaint and subsequent amended complaint. (ECF Nos. 1, 31).

In light of the foregoing, Beckman's motion for reconsideration or in the alternative relief pursuant to Rule 60 will be denied.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Beckman's motion for reconsideration (ECF No. 46) be, and the same hereby is, DENIED.

DATED April 19, 2017.

_____
UNITED STATES DISTRICT JUDGE